Good morning, Your Honor. Benjamin Ramos on behalf of Petitioner Matthew White. May it please the Court. Your Honor, I don't have a lot of new comments to add to the briefs. I would point out, however, that it's worth considering that both the magistrate judge and the district court found that the California Supreme Court's denial of the habeas petition was unreasonable based on the gaps and inconsistencies in the record. So that opens the door to Mr. White under Section 2254d2 based on that unreasonable determination of facts by the California Supreme Court. Having gotten through that door and reviewing the case again, without deference to the State court decision, I think it's clear that Mr. White received ineffective assistance of counsel in this case, and the California Supreme Court's denial of that was contrary to our unreasonable application of U.S. Supreme Court precedents under Lafler v. Cooper and Missouri. So, you know, even assuming that it was correct for the district court to conclude that there was an unreasonable determination of the facts and to proceed to de novo review following an evidentiary hearing, the district court made factual findings essentially discrediting or not believing Mr. White's lawyer's testimony at the evidentiary hearing. And those factual findings for us are entitled to respect and deference not by deference is the wrong word, but you have to show that they're clearly erroneous. Yes, Your Honor. And, Your Honor, I think they were clearly erroneous. I mean, if you want to go that route. I think they were clearly erroneous because the magistrate's decision completely failed to analyze the case considering all the charges that Mr. White was facing at trial. The magistrate analyzed the case as if the only charge had been the second-degree murder. And so if you look at the case only in relation to the second-degree murder charge, the analysis has facial reasonableness, I would say. But when you look at all the other charges that were not considered by the magistrate, you have to say, well, what were the implications of going to trial and facing all these other non-murder charges under a failed trial strategy that basically admits Mr. White's guilt, stipulated to Mr. White's guilt on all charges except the second-degree murder charge? Which of the magistrate judge's findings are you saying was clearly erroneous? Because the magistrate judge made a number of them. I would say that the finding that Mr. Platt's testimony was credible. What statement? So the magistrate judge says that the evidence showed that Conley's 10-year plea offer was conveyed to White, and he rejected it. And that the statement that he conveyed it, Platt's statement that he conveyed the offer was corroborated by Conley and was credible. And also there's evidence that the offer, the 10-year offer, was made in open court. So which of those is clear error, and what's the evidence that it's clear error for those findings? It's clearly erroneous because Mr. White had until the next court date to accept the offer. There's nothing in the record clearly indicating that Mr. White ever said no to the offer. There's nothing — and more importantly, I think, there's — and this was also not addressed by the magistrate. There's nothing in the record addressing what sort of advice trial counsel gave to Mr. White in considering that offer. There's just nothing in the record at all. So — So there was testimony in the record, which the magistrate judge chose to believe some of the testimony and not to believe other of the testimony. And so what — all I hear you saying is that the magistrate judge could have reached a different conclusion, but that's not enough for us to say the conclusion the magistrate judge did reach was clear error. I think it was clear — it was clear error because the magistrate did not consider that to accept trial counsel's representation of what occurred would mean believing that Mr. White was okay with the trial strategy under which he would admit he's guilty of all the charges except second-degree murder. Was that argument made before the magistrate judge? It was made, yes, in the — in the objections to the findings and recommendations. That is when it first came up, that argument. But it was not brought up specifically in the evidentiary hearing. But Mr. White got a much worse result by going to trial than he would have had he accepted the offer. And if he had been advised, he obviously would have accepted the offer. So there's — there's — it's incomprehensible how he could have — how the magistrate could find that he wanted to go to trial, he wanted to say no to the offer, when going to trial meant a sentence three years longer than the offer that was made. There's just no accounting for that discrepancy. And that was — I spent a lot of time on that in the briefs. But the magistrate just did not address the implications of all the nonmurder charges in relation to the offer, because if he — if he accepted the offer, then he would avoid that much more harsh result at trial. But it's just inconceivable that Mr. White would have — had he been properly advised, would have said no to that offer. Do you want to save some time for rebuttal? Yes, I'd like to save a little. Thank you, Your Honor. Okay. Thank you. Good morning. May it please the Court, Justin Riley on behalf of the warden. I'm happy to answer any questions on any of the issues in the brief, but I'd like to focus on what the district court did after the evidentiary hearing. The district court, vis-a-vis the magistrate, held the hearing, saw the witnesses, made credibility determinations. The advisement issue before the evidentiary hearing was all about whether the appellant had ever heard the 10-year offer, not about how much advice he received about the 10-year offer. Indeed, at the hearing, the appellant testified, I never heard a 10-year offer. Nobody ever told me about the 10-year offer. And so if the issue is going to morph into I should have gotten better advice about the 10-year offer, that's not really an issue that was raised below, and it's a little disingenuous to make that argument if you're maintaining that you never heard a 10-year offer. Maybe you could just clarify one thing for me. Yes. So there was evidence. There was a 10-year offer with a prior lawyer. The Petitioner only testified that the prior lawyer conveyed to him a 10-year offer with 50 percent credits, which, as an aside, cuts in favor of the fact that he was not going to take an offer. He wanted to go to trial and convince the jury that he was innocent. Well, he said he was advised by Mr. Davenport not to take the offer, that he could get a lower offer or a better offer. That's correct. So when you're talking about there was no further conveyance, there was no conveyance of an offer or an offer wasn't a 10-year offer, you're talking about when Platt began to represent. When Platt was there. And the only evidence that a 10-year offer was made with a previous defense attorney was the Petitioner's testimony. The prosecutor and Platt both testified that it was an eight to eight-year, eight-month offer that was made to the prior attorney. None of the attorneys remember a 10-year offer being made to anybody other than Platt and an appellant in court. Okay. So that's kind of the one of the problems is it was years after trial. Both attorneys lost their files. There was many conversations with many different attorneys and among themselves and depositions and later this evidentiary hearing. And so there was some ambiguity. There were Platt's testimony often delved into this is my common practice. This is what I remember. And they merged and weaved in and out. The district court recognized all that at the excerpts of record page 94 in footnote 10 of that internal document. The district court recognized that Platt's testimony was not the picture of clarity and looked to the remaining evidence that came out at the evidentiary hearing and resolved the credibility determinations against Petitioner. The fact that there are inconsistencies are not enough to overturn those findings. I'd love to answer any other questions. Okay. Thank you. Thank you. Your Honor, the district court specifically ordered the magistrate to determine whether the advice that trial counsel provided was adequate under Lafleur v. Cooper. And Lafleur v. Cooper encompasses all the obligations of trial counsel to provide competent advice to a defendant when he's considering a plea bargain offer. So it's not disingenuous to consider the sort of advice that Mr. Platt provided or didn't provide. That's really the key issue in the case is did Mr. Platt provide effective advice in regard to that 10-year offer. And the entire record is basically barren of facts that can establish that he did. He doesn't remember anything. He went through an evidentiary hearing and a deposition and was unable to recall anything about the 10-year offers. Can't recall what advice he gave to Mr. White. Can't remember telling Mr. White, here's the trial strategy. I'm going to stipulate to your blood alcohol level at twice the legal limit. You're going to be convicted of all the DUI charges. You're going to be – I'm going to argue that you're guilty of vehicular manslaughter. And the punishment for all these charges and the enhancements, the great bodily injury enhancements, are three years each consecutive. So you have three victims. You get – at trial, this is our strategy. You're going to get three great bodily injury enhancements of nine years. You're going to be convicted of manslaughter because I've already stipulated it to your blood alcohol level. That's another four years minimum. It could actually be more than that. But minimum, you're – now you're at 13 years. So, Mr. White, this is our trial strategy. We'll go to trial, and you get 13 years in prison, or you can take the 10-year offer. Which one do you want? And we're supposed to believe that Mr. White said, I like that trial strategy, Mr. Platt. I'll agree to stipulate to my guilt on all the charges because what I really want to do is fight the second-degree murder charge that I can't beat because all the evidence is overwhelming. But what I'll – I'll go along with your strategy. And that's what we're expected to believe. And it's just preposterous. There's nothing on the record to show that Mr. White received effective consultation and advice regarding the prosecution's 10-year offer. And because of that, he received ineffective assistance of counsel. He went to trial under this disastrous trial strategy, and you just read the trial transcript and wonder, why did it go to – what's – what benefit at all did Mr. White get by going to trial? He admits his guilt on everything. He testifies and makes it even worse, says he was drunker than he thought and he was weaving and swerving, and he just – it's just a disaster. And you have to wonder, this was all Mr. White's idea? He wanted to – I mean, it doesn't make any sense. So the – the inferences from what happened at trial and the refusal of the 10-year offer are that Mr. White was not advised, that this is the certain consequence of rejecting the offer. Thirteen-year sentence, maybe more. And I actually left out of the brief, there were great bodily injury enhancements, which were three years. So if you tack those on, he could have been looking at a 16-year sentence, guaranteed going to trial, because there was no defense to any of the charges, what's – except the second-degree murder charge. But why would he fight that? Why would he fight a murder case when he could get 10 years with halftime? So looking at the record, it's clear that Mr. White was not effectively advised. Counsel has an obligation to advise him regarding the strengths and weaknesses of the offer. He has an obligation to advise him regarding trial strategy, the strengths and weaknesses of the case. None of that occurred. And what's interesting, the stipulation to Mr. White's blood alcohol was done on the record while Mr. White was not present in court. That just is very troubling. Very troubling. Okay. Thank you. We appreciate your arguments. The matter is submitted.
judges: Murphy, Paez, Ikuta